FILED
SUPERIOR COURT
OF GUAM

2012 MAR 11 PM 2: 12

Territorial Law Library   CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF332-11 |
| v. | **Decision and Order on Defendant's Motion to Suppress** |
| JOHN JOSEPH MANIBUSAN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on January 24, 2012, on Defendant's Motion to Suppress. Attorney Ryan F. Kaiser represented Defendant, John Joseph Manibusan. Assistant Attorney Jonathan R. Luke represented the People of Guam. Following the hearing the Court took the matter under advisement. Based on the totality of the circumstances and upon weighing the credibility and veracity of each witness, this Court makes the following findings of fact and conclusions of law.

## FACTUAL BACKGROUND

The following factual description constitute this Court's findings based on testimony by four Guam Police officers and one eyewitness to an alleged attempted burglary during the hearing on the motion to suppress.

On the morning of June 23, 2011, Christopher Moroto witnessed what he believed to be an attempted burglary of a vehicle located in the parking lot of the Hilton Hotel in Tumon. Mr. Moroto spotted a heavyset male with dark skin and

*ORIGINAL*

dark hair wearing a sweatshirt and carrying a tool in his hand. The individual was peering into the window of a parked vehicle. As Mr. Moroto dialed 9-1-1 to report the attempted burglary, he heard a loud metallic bang and Mr. Moroto yelled at the man. The man immediately walked back to a dark colored SUV and drove away. Mr. Moroto saw the license plate of the vehicle: CHP 3579. Hotel security viewing surveillance video of the Hilton property confirmed that a dark SUV exited the premises shortly after Mr. Moroto saw the man drive away. Officer Tydingco responded to the incident and confirmed that license plate CHP 3579 belonged to a dark blue GMC Jimmy registered to Lucile Annette Palacios Lefevre. Officer Tydingco issued an All-Points Bulletin on the suspect vehicle. On the evening of June 23, 2011, Officers Muna, Aquino, and Reyes attended a briefing during which they were informed about the recent Hilton burglary attempt. At the briefing, the officers were provided a description of the GMC Jimmy and plate number as well as a description of the suspect.

On the evening of June 24, 2011 or in the early morning of July 25, 2011, Officers Aquino and Reyes responded to a vehicle burglary call at Club USA in Tumon. Officers viewed surveillance video of Club USA's parking lot. The actual break-in did not appear in the video frame. However, the video did show a heavyset male in a black sweatshirt walking towards the area in which the burgled vehicle had been parked during the time at which the burglary occurred.

Around 2:30 a.m. on June 25, 2011, while on patrol in Harmon, Officer Muna spotted a GMC Jimmy matching the description of the vehicle involved in the Hilton incident. Officer Muna followed the vehicle, confirmed that the license plate matched that of the suspect, and proceeded to pull the vehicle over. Officer Muna knew Defendant Manibusan from a prior case and upon approaching the vehicle, the officer identified the driver as John Manibusan. As Officer Muna explained the reason for the vehicle stop Manibusan became aggressive. Officer Muna asked

Manibusan to step out of the vehicle. Once outside, Manibusan took a "fighting stance" and refused to comply with Officer Muna's demands.

During the altercation, Officers Reyes and Aquino arrived on the scene. Manibusan continued his aggressive behavior and Officers Muna and Reyes took Manibusan to the ground and handcuffed him. Manibusan was ushered to a police vehicle. Although the officers provided conflicting testimony regarding the timing of and justification for Manibusan's arrest, this Court finds the evidence sufficient to conclude that one basis for the initial restraint of Manibusan was his suspected involvement in the attempted burglary on June 23, 2011 and aggressive resistance to Officer Muna's verbal commands.

At some point after Manibusan had been restrained, Officers Reyes and Aquino, without obtaining Manibusan's consent, conducted a warrantless search of the front and back of the GMC Jimmy. During the search, the officers found an air soft rifle, air soft pistol, contraband, and a lap-top computer. Manibusan now seeks to suppress this evidence obtained during the warrantless search.

## DISCUSSION

The legal question presented herein is whether the arrest of Manibusan and police officers' subsequent search of the vehicle constituted an unreasonable search and seizure under the Fourth Amendment as applied to Guam pursuant to title 48, section 1421b(u). See People v. Johnson, 1997 Guam 9 ¶ 4. The People bear the burden of showing that a warrantless search and seizure was proper. People of Guam v. Santos, 1999 Guam 1 ¶ 51. This Court finds that the warrantless search of the vehicle was incident to a valid seizure and constituted a proper search under the Fourth Amendment.

/ / / /

/ / / /

/ / / /

## I. The Traffic Stop and Subsequent Arrest of Defendant Were Lawful Under the Fourth Amendment

Manibusan first argues that all evidence taken during the search of the vehicle must be suppressed on the grounds that the initial traffic stop and arrest prior to the search were impermissible under the Fourth Amendment. In opposition, the prosecution argues officers had reasonable suspicion to stop the vehicle operated by Manibusan and that after officers identified Manibusan, there was probable cause to arrest him and search his vehicle.

### A. Officers had reasonable suspicion to Stop the GMC Jimmy

The Ninth Circuit has held that in order to initiate a proper investigative traffic stop, an officer must have a reasonable suspicion that the detained person has engaged in criminal activity. United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000); see also United States v. Hensley, 469 U.S. 221, 229, 105 S. Ct. 675, 680, 83 L. Ed. 2d 604 (1985) ("if police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion"). "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." Lopez-Soto, 205 F.3d at 1105 (quoting United States v. Michael R., 90 F.3d 340, 346 (9th Cir. 1990)).

In the present case, Guam police officers were briefed regarding the attempted burglary at the Hilton on June 23, 2011. Officers received a description and license plate number for the suspect vehicle. The testimony indicated that prior to stopping the GMC Jimmy, Officer Muna had confirmed the make, model, color, and plate number of the vehicle, all of which matched the information provided at the briefing. Based on this information, Officer Muna had ample suspicion to

believe that the driver of the vehicle may have been connected to the June 23, 2011 incident and the investigative stop was therefore lawful.

### B. Officers had Probable Cause to Arrest Manibusan

Testifying officers offered various justifications for Manibusan's arrest, including the existence of contraband and a rifle in the vehicle of a known parolee. Officers provided inconsistent testimony relating to the timing of and basis for the discovery of evidence inside the vehicle. As such, this Court disregards the unreliable testimony and justifications in relation to the search of the vehicle and instead focuses on whether probable cause existed for the initial restraint and arrest of Manibusan. See Beck v. Ohio, 379 U.S. 89, 91 (1964) ("The constitutional validity of the search . . . must depend upon the constitutional validity of the [defendant's] arrest. Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it . . . .").

Under Guam law, "[a]n arrest is made by an actual restraint of the person, or by submission to the custody of the person making the arrest. The person arrested may be subjected to such restraint as is reasonable for his arrest and detention." 8 G.C.A. § 20.10 (2005). A warrantless arrest is proper under the Fourth Amendment where the arrest is supported by probable cause. Beck, 379 U.S. at 91; United States v. Valencia-Amezcua, 278 F.3d 901, 906 (9th Cir. 2002). "Probable cause exists when, 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'" United States v. Potter, 895 F.2d 1231, 1233-34 (9th Cir. 1990) (quoting United States v. Smith, 790 F.2d 709 (1986) cert. denied, 497 U.S. 1008, 110 S.Ct. 3247, 111 L.Ed2d 757 (1990)); cf. 8 G.C.A. § § 20.15(a)(3) (allowing for a warrantless arrest "[w]henever the officer has reasonable cause to believe that the person to be arrested has committed a felony or

misdemeanor whether or not a felony or misdemeanor has in fact been committed.").

Upon examination of the totality of the circumstances in this case, this Court concludes that there was probable cause to arrest Manibusan for attempted burglary. Officer Muna had confirmed that Manibusan was driving a vehicle associated with the June 23, 2011 incident at the Hilton. Officer Muna approached the vehicle, interacted with Manibusan, and could clearly see that Manibusan matched the general physical description of the burglary suspect. Manibusan's aggressive posturing and refusal to cooperate with Officer Muna was not indicative of lawful behavior. Moreover, Officer Muna (as well as other officers at the scene) was familiar with Manibusan and his prior criminal record. Based on the events surrounding the vehicle stop, information received by officers at the earlier briefing, and the officers' familiarity with Defendant's criminal history, there was probable cause to arrest Defendant for the crime of attempted burglary.

## II. The Vehicle Search was a Valid Search Incident to a Lawful Arrest

Defendant claims the warrantless search of the vehicle, which this Court concludes occurred *after* Manibusan had been placed under arrest, violated the Fourth Amendment. Manibusan argues that because nothing was reported stolen in the June 23, 2011 incident, and because Manibusan was restrained at the time of the search, even if the vehicle stop and arrest were proper police had no constitutional basis to conduct a search of the vehicle.

Warrantless searches are *"per se* unreasonable under the Fourth Amendment," though certain exceptions exist. Arizona v. Gant, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009) (citing *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." Id. (citing Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct., 58 L.Ed. 652 (1914). In Arizona v. Gant,

the United States Supreme Court clarified and extended its prior holdings in the vehicle search context. The court held that while officers may not generally search a vehicle "incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle[,] . . . circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." Gant, 556 U.S. at 335.

In the present case, this Court determined that officers had probable cause to arrest Manibusan for suspected involvement in the attempted burglary two days prior. At that point, it was reasonable to believe that evidence connected to the attempted burglary, such as a tool used to gain access to locked vehicles, may have been found inside the GMC Jimmy. As such, this Court finds that under Gant the warrantless search of the vehicle was a valid search incident to a lawful arrest.

Having determined that the search was valid under the search incident to arrest exception to the Fourth Amendment's warrantless search prohibition, this Court need not discuss the prosecution's remaining arguments – namely that the search was valid pursuant to a plain view exception, safety justification, and Manibusan's reduced expectation of privacy resulting from his status as a parolee.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant Manibusan's motion to suppress. A trial setting is scheduled for April 24, 2012, at 3:00 p.m.

It is **SO ORDERED** this 10th day of April, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 11 2012

Joseph S. Rivera
Deputy Clerk Superior Court of Guam

_____

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam